FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

**FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JAN 04 2019
JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* Crystal Rainey, and **CRYSTAL RAINEY,** individually, <br><br> Plaintiffs, <br><br> v. <br><br> **MEDPARTNERS, INC., MADISON PHARMACY, INC., KATINA SIMMONS,** and **KOSSIE SIMMONS,** <br><br> Defendants. | DOCKET NO. 4:19-cv-9-JM <br><br> **FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)** <br><br> **JURY TRIAL DEMANDED** <br><br> This case assigned to District Judge Moody and to Magistrate Judge Harris |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff and *qui tam* Relator Crystal Rainey ("Relator"), by and through her undersigned counsel Brown, LLC and the Sanford Law Firm, alleges of personal knowledge as to her observations and actions, and on information and belief as to all else, as follows:

## I.
## PRELIMINARY STATEMENT

1. In 2006, Defendant Kossie Simmons ("Kossie") was sentenced to twenty-three months in prison for healthcare fraud.[1]

2. Since his release, Kossie has picked up where he left off. Kossie and his wife Katina Simmons ("Katina") operate MedPartners, Inc., ("MedPartners") which assists federal employees with filing their workers' compensation claims, in addition to providing physical therapy and pain treatment.[2]

3. MedPartners is also a vehicle for Kossie and Katina to carry out healthcare fraud against the United States. At all times relevant herein, MedPartners sought and obtained

---

[1] *See United States, v. Simmons*, 501 F.3d 620, 622 (6th Cir. 2007).
[2] *See* http://www.medpartnersinc.org/ (last accessed December 26, 2018).

1

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

reimbursement from the United States Department of Labor ("DOL") for medications, including expensive compounded pain creams containing controlled substances that were prescribed by MedPartners employees who:

    a)    were not licensed to prescribe medications, but falsely issued prescriptions under the names of licensed practitioners; and/or

    b)    did not examine the patients to assess their need for medications.

4.    These prescriptions were filled by Madison Pharmacy, Inc. ("Madison Pharmacy"). Instead of dispensing prescriptions directly to patients, Madison Pharmacy delivered the medications to individuals affiliated with MedPartners, including Kossie, who did not have any medical licenses. These individuals then dispensed these medications to individuals as they saw fit, sometimes as free "samples" to those who had not even received any prescriptions.

5.    MedPartners submitted reimbursement claims for these illegally prescribed medications to, and was paid on those claims by, the DOL's Office of Workers' Compensation Programs ("OWCP").

6.    In perpetrating this conduct, Defendants knowingly (a) presented or caused to be presented false claims to obtain payments; (b) made or caused to be made or used false records or statements material to these false claims; and (c) conspired to present or cause these claims to be presented to the United States.

7.    Relator thus brings this *qui tam* action on behalf of the United States under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* (the "FCA") to recover treble the damages sustained by, and civil penalties and restitution owed to, the United States as a result of Defendants' fraud.

8.    Relator also brings this action on her own behalf under the FCA, 31 U.S.C. § 3730(h), to seek relief from Defendants' actions against Relator in retaliation for her lawful

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

efforts to stop the violations alleged herein. Defendants terminated Relator for her refusal to participate in their fraud, and for reporting said fraud to law enforcement.

9. This Complaint has been filed *in camera* and under seal pursuant to 31 U.S.C. § 3730(b)(2). It will not be served on Defendants unless and until the Court so orders. A copy of the Complaint, along with written disclosure of substantially all material evidence and information that Relator possesses, has been served upon the Attorney General of the United States and on the United States Attorney for the Eastern District of Arkansas pursuant to 31 U.S.C. § 3730(b)(2) and Fed. R. Civ. P. 4(d).

## II.
## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought for violations of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, a federal statute.

11. The Court has personal jurisdiction over Defendants because Defendants (a) are residents of, and/or are licensed to transact and do transact business in, this District; and (b) have carried out their fraudulent scheme in this District.

12. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391 (b)(2), because Defendants can be found in, and transact or have transacted business in this District, and the events and omissions that give rise to these claims have occurred in this District.

13. The Complaint has been filed within the period prescribed by 31 U.S.C. §§ 3730(h)(3) and 3731(b).

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

## III.
## NO PUBLIC DISCLOSURE; DIRECT AND INDEPENDENT KNOWLEDGE OF VIOLATIONS OF THE FALSE CLAIMS ACT

14. There has been no public disclosure, relevant under 31 U.S.C. § 3730(e), of the "allegations or transactions" in this Complaint.

15. Relator makes the allegations in this Complaint based on her own knowledge, experience and observations.

16. Relator is the original source of the information on which the allegations herein are based, has direct and independent knowledge of such information, and has voluntarily disclosed such information to the United States, including to the United States Department of Justice, the DOL, and the United States Postal Service Office of Inspector General ("USPS OIG"), before filing this action.

## IV.
## THE PARTIES

**A.   The United States**

17. Plaintiff the United States brings this action by and through Relator. At all times relevant to this Complaint, the United States, acting through the DOL, has reimbursed Defendants through the OWCP's Division of Federal Employees' Compensation ("DFEC").

**B.   Relator**

18. Relator Crystal Rainey ("Relator") is a citizen of the United States, and a resident of Jefferson County, Arkansas. Relator is a Nurse Practitioner licensed to practice in the State of Arkansas. Relator worked for MedPartners from August 24, 2017 to January 31, 2018 at its location at 11219 Financial Centre Parkway #100, Little Rock, Arkansas 72211 ("MedPartners

Little Rock"). During her employment, to her knowledge, Relator was the only individual with any medical license working at the MedPartners Little Rock location.

## C.  Defendants

19.  Defendant MedPartners, Inc. ("MedPartners") is a corporation with its principal business address at 3385 Airways Boulevard, Suite 123, Memphis, Tennessee 38116 ("MedPartners Memphis"). MedPartners provides worker's compensation claim filing assistance exclusively to federal employees, such as those employed by USPS. MedPartners also provides physical therapy and pain treatment services to these federal employees.

20.  Defendant Madison Pharmacy, Inc. ("Madison Pharmacy") is a corporation with its principal business address at 1350 Concourse Avenue, Suite 111, Memphis, Tennessee 38104.

21.  Defendant Katina Simmons ("Katina") is the President, Vice President, Incorporator, Vice-President, Treasurer, and Controller of MedPartners. Katina is the wife of Kossie Simmons.

22.  Defendant Kossie Simmons ("Kossie") holds himself out to be a "medical consultant" retained by MedPartners. In reality, Kossie has control over the operations of MedPartners.

## V.
## THE LEGAL FRAMEWORK

### A.  The False Claims Act

23.  The False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, (the "FCA"), reflects Congress's objective to "enhance the Government's ability to recover losses as a result of fraud against the Government." S. Rep. No. 99-345, at 1 (1986). As relevant here, the FCA establishes treble damages liability for an individual or entity that:

    a)    "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(l)(A);

    b)    "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," *id.* § 3729(a)(l)(B); or

    c)    "conspires to commit a violation of subparagraph (A) [or] (B) ...," *id.* § 3729(a)(l)(C).

24.   "Knowing," within the meaning of the FCA, is defined to include reckless disregard and deliberate indifference. *Id.* § 3729(b)(1).

25.   For each false claim or other FCA violation, the FCA provides for the assessment of treble damages, plus a civil penalty.[3]

26.   The FCA provides for payment of a percentage of the United States' recovery to a private individual who brings suit on behalf of the United States (the "Relator") under the FCA. *See* 31 U.S.C. § 3730(d).

27.   The FCA also provides relief to employees who suffer retaliation for attempting to stop violations of the FCA:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under [§ 3730] or other efforts to stop 1 or more violations of [Chapter 31].

*Id.* § 3730(h)(1).

---

[3] 31 U.S.C. § 3729(a)(1)(G) provides a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-410). The Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, 28 U.S.C. 2461 note, substituted a different statutory formula for calculating inflation adjustments on an annual basis. On January 29, 2018, the Department of Justice promulgated a Final Rule increasing the penalty for FCA violations occurring after November 2, 2015. For such penalties assessed after January 29, 2018, the minimum penalty is $11,181 and the maximum is $22,363. *See* 28 C.F.R. § 85.5; 82 F.R. 3944 (Jan. 29, 2018).

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

B.  **Federal Workers' Compensation**

28.  In 1916, Congress enacted the Federal Employees' Compensation Act (the "FECA"), which established compensation to federal employees for work-related injuries. Currently, the DOL, through the OWCP's subdivision DFEC, administers workers' compensation to federal employees such as USPS workers.

29.  DFEC provides reimbursements to medical providers who provide treatments or medications to individuals entitled to workers' compensation.

30.  To receive reimbursement for compounded drugs, a medical provider must complete Form CA-26, Authorization Request Form and Certification/Letter of Medical Necessity for Compounded Drugs.

31.  The medical provider who signs Form CA-26 must certify that the information on the form is true, complete, and accurate. The provider must also acknowledge that any knowingly false or misleading statement, or misrepresentation or concealment of material fact, may subject the provider to criminal prosecution.

32.  The submission of such a certification, if false, is a violation of the FCA. 31 U.S.C. § 3729(a). Each such false certification is a separate violation of the FCA.

C.  **Prescription of Controlled Substances**

33.  The Controlled Substances Act, 21 U.S.C. § 801 *et seq.* (the "CSA") establishes five Schedules of controlled substances to be regulated by the Drug Enforcement Administration (the "DEA") and the Food and Drug Administration (the "FDA").

34.  The ability to dispense controlled substances is limited to "practitioners," which includes physicians and other individuals or entities licensed to practice medicine or engage in research. 21 C.F.R. § 802(21). Furthermore, the practitioner must (a) register with the DEA,

unless exempt[4]; and (b) receive authorization to prescribe controlled substances in the jurisdiction in which he is licensed to practice. *Id.* § 1306.03.

35. Ketamine is a Schedule III controlled substance. *Id.* § 1308.13(c)(7). Any material, compound, mixture, or preparation containing ketamine is also considered a Schedule III controlled substance. *Id.* § 1308.13(c).

36. Anabolic steroids are a Schedule III controlled substance. *Id.* § 1308.13(f)(1). Any material, compound, mixture, or preparation containing anabolic steroids is also considered a Schedule III controlled substance. *Id.* § 1308.13(f).

## VI.
## DEFENDANTS' FRAUD

37. MedPartners specifically targeted USPS employees, and sent representatives to USPS union meetings to solicit business.

38. Once it signed up a client, MedPartners, at Kossie's direction, reflexively prescribed and dispensed compounded pain creams to patients without evaluating their medical necessity, and on some occasions without even examining the patients.

39. These compounded pain creams typically included ketamine, anabolic steroids, various muscle relaxers, and/or other controlled substances. On information and belief, each container of pain cream can cost in excess of $10,000.

40. MedPartners issued prescriptions for these pain creams and send them to Madison Pharmacy to be filled. Madison Pharmacy then sent the medications directly to MedPartners, instead of dispensing them to the patients.

---

[4] An individual may be exempt from registration if (a) he is an agent or employee of a registered practitioner, and is acting in the usual course of his employment; or (b) he is an official in the military or other authorized government personnel. Neither of these exemptions apply to Defendants.

41. In addition, Madison Pharmacy supplies MedPartners with pain creams that MedPartners repackages into dosing syringes, then gives out for free to federal employees as "samples."

42. Kossie and MedPartners Chief Operating Officer Cornelius Martin have told Relator on separate occasions that they are responsible for ordering pain creams from Madison Pharmacy. On information and belief, Kossie and Cornelius are not licensed to practice medicine and are not registered with the DEA.

43. Kossie worked at MedPartners Memphis. On occasion, he would visit MedPartners Little Rock, where Relator worked.

44. In January of 2018, Kossie visited MedPartners Little Rock and gave Relator a paper bag containing three containers of compounded pain creams. Kossie instructed Relator to give these creams to patient Doe,[5] a USPS client eligible for workers' compensation whom Relator had examined on several occasions.

45. These pain creams bore labels indicating that they were filled by Madison Pharmacy for patient Doe.

46. The labels listed Doe's address at a location in Memphis, Tennessee. In reality, Doe lived in Arkansas at all relevant times. On information and belief, the Memphis address on the pain creams is a property owned by Kossie.

47. The labels also indicated that the prescription was issued by a Nurse Practitioner named Linda Kelly ("Kelly"). Kelly worked at MedPartners Memphis, and had never examined Doe. Relator was the only medical practitioner employed by MedPartners who had examined Doe. Relator did not write any pain cream prescriptions for Doe.

---

[5] To protect the patient's privacy, the patient's true name is not used.

48. Relator indicated to Kossie that his instruction to give the pain creams to Doe was illegal because Kelly had not examined Doe and so could not prescribe for Doe. Relator returned the pain creams to Kossie.

49. Several weeks later, on January 31, 2018, Relator went to MedPartners Memphis for an orientation session. There, Kossie told Relator that Kossie had issued a new prescription for pain creams for Doe in Relator's name, and had sent that prescription to Madison Pharmacy.

50. While employed by MedPartners, Relator never even saw a prescription form for compounded pain creams, and she certainly did not fill out or sign such a form. Furthermore, Relator never authorized Madison Pharmacy to fill any prescriptions.

51. Relator called Madison Pharmacy, which confirmed Kossie's prescription for Doe. Furthermore, Madison Pharmacy informed Relator that Kossie regularly placed prescriptions in the names of other individuals who were medical practitioners.

52. Immediately after her call to Madison Pharmacy, Relator left MedPartners Memphis and called the Memphis Police Department. The police eventually informed Relator that they had investigated MedPartners Memphis and spoken with Kossie, but could not take any action on Relator's report due to the nature of the alleged offense.

53. Relator has since reported the above allegations to entities including the Tennessee Department of Health, the DOL, and the USPS OIG.

## VII.
## RETALIATION AGAINST RELATOR

54. On January 31, 2018, MedPartners terminated Relator's employment.

55. This termination came on the same day that Relator reported MedPartners to the Memphis Police Department, and is in direct retaliation for Relator's attempt to stop Defendants' fraudulent conduct.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

## COUNT I
## PRESENTATION OF FALSE CLAIMS

56. As alleged above, Defendants presented or caused to be presented claims to the DOL for compounded pain creams which were prescribed by individuals who (a) did not have medical licenses; and/or (b) who did not examine the patient in question.

57. For each of these claims for reimbursement, Defendants certified that the information they were providing was true, accurate and complete.

58. Each such representation was false, for the reasons described above.

59. Accordingly, Defendants knowingly, or in reckless disregard for the truth, presented false or fraudulent claims for payment in violation of 31 U.S.C. § 3729(a)(1)(A).

60. The submission by Defendants of these false claims caused the DOL to pay out monies that the DOL would not have paid if it had known of the falsity of Defendants' claims and certifications.

61. Each false or fraudulent claim submitted to the DOL is a separate violation of the FCA.

62. By reason of the false or fraudulent claims that Defendants knowingly presented, the United States has been damaged in a substantial amount to be proven at trial.

## COUNT II
## MAKING OR USING FALSE RECORD OR
## STATEMENT MATERIAL TO A FALSE OR FRAUDULENT CLAIM

63. As described above, Defendants knowingly, or in reckless disregard for the truth, made and/or used false records and statements when they submitted claims for payment, including false prescriptions from medical practitioners.

64. Accordingly, Defendants knowingly used false records or statements material to false or fraudulent claims for payment, in violation of 31 U.S.C. § 3729(a)(1)(B).

11

65. The making and/or use of these false records or statements caused the DOL to pay out monies that the DOL would not have paid if it had known of the falsity of Defendants' records or statements.

66. Each making or use of a false record or statement is a separate violation of the FCA.

67. By reason of the false or fraudulent records or statements that Defendants knowingly made and/or used, the United States has been damaged in a substantial amount to be proven at trial.

## COUNT III
## CONSPIRACY

68. As described above, Defendants MedPartners, Katina, and Kossie conspired with Defendant Madison Pharmacy to present, or cause to be presented, false or fraudulent claims for payment to the DOL, in violation of 31 U.S.C. § 3729(a)(l)(C).

69. By reasons of this conspiracy, the United States has been damaged in a substantial amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Relator respectfully requests that this Court enter judgment in her favor and that of the United States and against Defendants, granting the following on all Counts:

(A)  an award to the United States for treble its damages and a statutory penalty for each violation of the FCA, and for its costs pursuant to 31 U.S.C. § 3729(a)(3);

(B)  an award to Relator in the maximum amount permitted under 31 U.S.C. § 3730(d), and for the reasonable attorneys' fees, costs, and expenses she incurred in prosecuting this action;

(C)  awards to the United States and Relator for pre- and post-judgment interest at the rates permitted by law; and

(D)  such other and further relief as this Court may deem to be just and proper.

FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Relator demands trial by jury on all questions of fact raised by the Complaint.

Dated: January 4, 2019

Respectfully submitted,

**BROWN, LLC**
**(Lead Counsel)**

By: */s/ Jason T. Brown*
Jason T. Brown
   (*pro hac vice* application forthcoming)
Benjamin Lin
   (*pro hac vice* application forthcoming)
(877) 561-0000 (office)
(855) 582-5297 (fax)
*jtb@jtblawgroup.com*
*ben.lin@jtblawgroup.com*

**SANFORD LAW FIRM, PLLC**
**(Local Counsel)**

By: */s/ Josh Sanford*
Josh Sanford (Ark. Bar #2001037)
Chris Burks (Ark. Bar #201207)
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
(501) 221-0088 (office)
(888) 787-2040 (fax)
*josh@sanfordlawfirm.com*
*chris@ sanfordlawfirm.com*

*Attorneys for Relator*

13

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2019, I caused a true copy of the Complaint in the matter captioned *United States of America ex rel. Crystal Rainey v. MedPartners, Inc., et al.* to be served upon the following, along with written disclosure of substantially all material evidence and information possessed by Relator:

*by USPS Registered Mail, Return Receipt Requested, to*

Shannon Smith, Assistant U.S. Attorney
United States Attorney's Office
Eastern District of Arkansas
425 West Capitol Avenue, Suite 500
Little Rock, AR 72201

Office of the Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

*/s/ Jason T. Brown*
Jason T. Brown

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

4:19-cv-9-JM

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMAERICA ex rel, and CRYSTAL RAINEY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Josh Sanford, SANFORD LAW FIRM, PLLC, One Financial Center, 650 South Shackleford, Suite 411, Little Rock, Arkansas 72211
501-221-0088; josh@sanfordlawfirm.com

## DEFENDANTS
MEDPARTNERS, INC., MADISON PHARMACY, INC., KATINA SIMMONS and KOSSIE SIMMONS

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | [X] 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. 3729 and False Claims Act
Brief description of cause:
Violations under the False Claims Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 01/04/2019

SIGNATURE OF ATTORNEY OF RECORD: /s/ Josh Sanford

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____